Filed 12/19/23  P. v. Weathers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C098189 |
| Plaintiff and Respondent, | (Super. Ct. No. CR-2014-3141) |
| v. | |
| DAVEON TARIQ WEATHERS, | |
| Defendant and Appellant. | |

A jury found defendant Daveon Tariq Weathers guilty of first degree robbery. Defendant appealed, and this court remanded the case for the trial court to consider dismissing a 10-year enhancement to his prison sentence imposed for personally using a firearm to commit the robbery (Pen. Code, § 12022.53, subd. (b)).[1]  The trial court declined to do so.

---

[1]    Undesignated statutory references are to the Penal Code.

1

Defendant now contends the trial court improperly weighed evidence of his traumatic childhood and was unaware of its discretion to impose a lesser enhancement. We conclude the trial court did not afford insufficient weight to evidence of defendant's traumatic childhood, especially because it found dismissing the enhancement would endanger public safety. We also conclude the trial court was aware of its discretion to impose a lesser enhancement. Accordingly, we will affirm the judgment.

                              BACKGROUND

"Defendant robbed a cabdriver at gunpoint. A jury found defendant guilty of first degree robbery (Pen. Code, §§ 211, 212.5, subd. (a)), and found true a personal use of a firearm enhancement (§ 12022.53, subd. (b)). The trial court sentenced defendant to an aggregate term of 14 years imprisonment," including a 10-year term for the firearm enhancement. (*People v. Weathers* (May 10, 2021, C079704) [nonpub. opn.] (fn. omitted).) Defendant appealed from the judgment and this court remanded the matter "for the trial court to consider whether to exercise its discretion to strike or dismiss the section 12022.53, subdivision (b), enhancement in the interest of justice under section 1385, subdivision (a)." (*Weathers,* C079704.) In all other respects, we affirmed the judgment. (*Ibid.*)

On remand, defendant argued the trial court should strike or dismiss the firearm enhancement and resentence him to a shorter prison term because he experienced childhood trauma, which new legislation established as a mitigating factor (see §§ 1170, subd. (b)(6), 1385, subd. (c)(2)(E)). In a supplemental brief, and again in closing argument at the hearing, defendant informed the trial court that, if it struck the firearm enhancement, it had discretion to impose an uncharged, lesser-included firearm enhancement under section 12022.5, pursuant to this court's decision in *People v. Johnson* (2022) 83 Cal.App.5th 1074 (*Johnson*). Nevertheless, defendant "[stood] by his original request to have the court strike the [section] 12022.53 enhancement without imposing the lesser enhancement."

The trial court declined to strike or dismiss the firearm enhancement after considering defendant's childhood experience, finding that defendant's repeated use of a gun and his escalating violent behavior in prison meant defendant "would pose a threat to the public safety" if released early. Defendant timely appealed the court's order.

## DISCUSSION

Defendant contends we must remand for the trial court to again consider striking or dismissing the firearm enhancement because: (1) the trial court failed to afford sufficient weight to defendant's childhood trauma pursuant to section 1385, subdivision (c)(2) and (2) the trial court was not aware of its discretion to strike the section 12022.53 enhancement and impose a section 12022.5 enhancement instead, as described in *Johnson, supra*, 83 Cal.App.5th at pp. 1086-1093. We see no merit in either contention.

We review the trial court's refusal to dismiss an enhancement under section 1385 for abuse of discretion, which in this case depends on the scope of that discretion under the statute, a question of statutory interpretation that we review de novo. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.) "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion" ' to dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' " (*Ibid.*)

### I

### *Affording Great Weight to Childhood Trauma*

Defendant contends the trial court erred because, "[a]lthough the court ultimately found that dismissal of the enhancement would 'endanger public safety,' the court reached this conclusion without first presuming that dismissal of the section 12022.53[, subdivision] (b) enhancement was in the interest of justice." Defendant cites

3

*People v. Walker* (2022) 86 Cal.App.5th 386, 398-400 (*Walker*), but he misunderstands the case and section 1385.

In *Walker*, the defendant asked the trial court to strike a five-year prior serious felony enhancement because the court had imposed more than one enhancement, a mitigating circumstance listed in section 1385, subdivision (c)(2)(B). (*Walker, supra*, 86 Cal.App.5th at pp. 393-394.) The appellate court interpreted section 1385, subdivision (c), which "instructs that the existence of a mitigating circumstance . . . 'weighs *greatly* in favor of dismiss[al]' of an enhancement as the court is exercising its discretion under section 1385 to evaluate whether dismissal is in the furtherance of justice by weighing enumerated and unenumerated mitigating factors against whether dismissal of an enhancement would 'endanger public safety.' " (*Walker,* at p. 397.) The court concluded that, "[c]ollectively, these provisions dictate that trial courts are to rebuttably presume that dismissal of an enhancement is in the furtherance of justice (and that its dismissal is required) *unless* the court makes a finding that the resultingly shorter sentence due to dismissal 'would endanger public safety.' " (*Id.* at p. 398.) Despite applying this presumption, the court affirmed the trial court's refusal to dismiss the enhancement, because the trial court had found "that defendant posed a 'public safety danger,' " "engaged in conduct comprised of 'uncivilized violent, absolutely unjustified behavior,' " and "it was not in the 'interest of justice' to dismiss either enhancement and thereby allow defendant to be released into the community any sooner." (*Id.* at pp. 393-394, 401.)

Other courts have disagreed with the *Walker* court's interpretation of section 1385, subdivision (c) that evidence of mitigating circumstances creates a rebuttable presumption that the court should dismiss an enhancement. (See, e.g., *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17-21.) We need not decide this issue here, as defendant's argument fails even using the heightened standard from *Walker*. *Walker* held that trial courts need not make any presumption based on mitigating circumstances if "the

4

court makes a finding that the resultingly shorter sentence due to dismissal 'would endanger public safety.' " (*Walker, supra*, 86 Cal.App.5th at p. 398.)

Here, like in *Walker*, the trial court made such a finding. Specifically, the court found that defendant's repeated use of a gun and his escalating violent behavior in prison meant defendant "would pose a threat to the public safety" if released early. Defendant does not challenge that finding. When "the court finds that dismissal of the enhancement would endanger public safety," then proof of the listed mitigating circumstances does not "weigh[] greatly in favor of dismissing the enhancement." (§ 1385, subd. (c)(2).) Therefore, even if the trial court did not afford great weight to evidence of defendant's childhood trauma, it still complied with the statute.

But, in any event, the trial court did appear to afford significant weight to defendant's evidence. For example, the trial court was impressed by the testimony of defendant's witnesses and was unmoved by the prosecution's argument that defendant failed to show any connection between the current offense and the childhood trauma, as required by section 1385, subdivision (c)(2)(E). Nevertheless, the court found defendant's "atrocious" behavior outweighed his unpleasant childhood. Accordingly, we conclude the trial court did not abuse its discretion by affording insufficient weight to evidence of defendant's traumatic childhood.

## II

*Discretion to Impose a Lesser Enhancement*

Defendant also contends we should remand because the trial court was unaware of its discretion to strike the section 12022.53, subdivision (b) enhancement and impose a lesser section 12022.5 enhancement instead, as described in *Johnson, supra*, 83 Cal.App.5th at pp. 1086-1093. We disagree.

*Johnson* held that "the trial court has discretion to substitute an uncharged lesser enhancement for a stricken section 12022.53[, subdivision] (b) enhancement." (*Johnson, supra*, 83 Cal.App.5th at p. 1093.) The trial court in this case was aware of that

5

discretion because defendant repeatedly brought the *Johnson* opinion to the court's attention. The court mentioned the *Johnson* decision at the hearing while explaining its decision. Nevertheless, defendant contends "the record does not reflect whether the court considered replacing the section 12022.53[, subdivision] (b) enhancement with a lesser term under section 12022.5, subdivision (a)," implying the court was therefore unaware of its discretion.

Defendant's argument fails for three reasons. First, a lack of consideration on the record is not enough to establish a lack of awareness: "In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law.' " (*People v. Thomas* (2011) 52 Cal.4th 336, 361; see Evid. Code, § 664.) Second, defendant never asked the trial court to exercise its discretion to impose a lesser enhancement, instead explicitly disavowing such a request. We cannot fault the trial court for not explicitly considering relief that defendant did not seek. Finally, by declining to strike the section 12022.53, subdivision (b) enhancement, the trial court eliminated any possibility of imposing a lesser enhancement instead. Rather than demonstrating a lack of awareness, this demonstrates further discussion of a lesser enhancement was superfluous. Accordingly, we conclude the trial court was aware of its discretion under *Johnson*.

## DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Robie, Acting P. J.

_____\s\_____,
Boulware Eurie, J.